# CIRCUIT COURT OF LOUDOUN COUNTY

Sherry Ellen Frazier

v.

Roger Allen Frazier

July 22, 2002

Case No. (Chancery) 21472

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on the *pendente lite* motion of the Complainant, Sherry Ellen Frazier, on July 3, 15, and 17, 2002.

Each issue is addressed below.

## *Custody*

Ms. Frazier is awarded sole legal and physical custody of the parties' minor children with reasonable visitation to Mr. Frazier.

Both parents are fit parents. Unfortunately, the parents have extreme difficulty in communicating with each other. The Court searched for evidence of constructive communication between the parties. Instead, encounters between the parties consistently resulted in conflict, with demeaning or derogatory statements made about one another and in the presence of the children. The parents have differing parenting styles. They cannot agree on basic issues involving the children, including counseling, discipline, and schooling.

Ms. Frazier is not as permissive in her discipline of the children as Mr. Frazier asserts. If she were so permissive, then the children would be out of control or a chronic behavior problem. The children are neither. Mr. Frazier is

not as authoritarian as Ms. Frazier asserts. However, his expectations for the behavior of his sons, ages five and seven, are unrealistic. It is clear that the children only "act up" when the parents are together. They do so most likely to prevent their parents from arguing or berating each other in front of them. The children behave when they are with just one parent or away from both parents.

The oldest son, Neill, has had a few problems at school, but they are not out of the ordinary considering the home environment when both of these parents are present and living separate and apart under the same roof. His teacher testified that he did well last school year and improved as the school year progressed.

The present circumstances must be considered. What has occurred that has led up to the present situation cannot be ignored. Custody decisions are not made on the basis of rewarding a virtuous parent or punishing a parent for improper conduct.

The present situation is not one of this Court's endorsing or rejecting a parenting style or one of punishing a parent for allegedly misleading this Court in a motion filed early on in this litigation.

The reality is that Ms. Frazier has been the primary caregiver to the children since their birth, and she has done so while working full time. On the other hand, Mr. Frazier is a dedicated public servant spending many hours at a job that he obviously enjoys, which includes overseas detail. In the commission of serving his country, Mr. Frazier has tremendous responsibilities and stressful situations. He has been the primary source of dependable income for the family.

Mr. Frazier has never had to take care of the children on a day to day basis as Ms. Frazier has done since their birth. Since February of this year, Mr. Frazier has been overseas on three occasions for a total of about fifteen weeks, while Ms. Frazier has taken care of the children. Mr. Frazier claims that his sons need a stronger hand in discipline when he returns home between overseas assignments. Naturally, when Mr. Frazier is home, family dynamics change, especially considering the current relationship between the parties. It is to be expected that the children may behave differently when Mr. Frazier comes home. There is no indication that the children are an unusual or excessive disciplinary problem when Mr. Frazier is not in their presence or, if he is, when Ms. Frazier is not there together with him.

After consideration of the evidence and argument of counsel and the factors of Va. Code § 20-124.3, sole legal and physical custody is awarded to Ms. Frazier. Joint legal custody is not awarded because the parties have difficulty in communicating and because of their differences of opinion as to some of the fundamental issues involving the children.

*Exclusive Use of Family Residence*

The family residence is and has been for several years the children's home. Therefore, if otherwise proper, it should remain their home during the pendency of this litigation. Because Ms. Frazier has been granted custody of the children, it makes no sense to grant exclusive use to Mr. Frazier and require Ms. Frazier and the children to find another place to reside.

The parties cannot continue to reside under the same roof. They do not communicate without anger, and they expose the children at all times of day and night to inappropriate conversations, arguments, berating, and even physical altercations.

Ms. Frazier is granted exclusive use of the family residence effective immediately. Mr. Frazier is granted a reasonable opportunity to get together such personal belongings as he may need to reside elsewhere and for purposes of his employment. Also, because he is a joint owner of the family residence, he will be granted access to it upon reasonable notice to Ms. Frazier. When he goes to the family residence, he will not harass, molest, or otherwise interfere with Ms. Frazier.

During closing argument, Ms. Brenner argued that this Court had no authority to exclude Mr. Frazier from the family residence because Ms. Frazier had not shown a "reasonable apprehension of physical harm" as required by subsection B of Va. Code § 20-103. Ms. Frazier did present evidence to show that she had a reasonable apprehension of physical harm. However, even if she had not or if no reasonable apprehension of physical harm had been shown, Ms. Brenner's argument is misplaced.

Ms. Frazier is not proceeding under subsection B of Va. Code § 20-103. She is proceeding under subsection A of the statute. Each subsection covers separate situations and different circumstances.

Subsection B provides a remedy in addition to the remedies listed in subsection A. Subsection B concerns "excluding" a person from a party's "jointly owned or jointly rented family dwelling." Section A concerns "exclusive use and possession of the family residence" without a limitation on how the residence is owned. Under Subsection B, a "family or household member" can be excluded which can be persons other than the party's spouse. Subsection B is aimed at getting someone out of the family residence for safety reasons, while Subsection A is concerned with allowing a party to reside in the family residence during the litigation without the other spouse also residing there.

Subsection B also has special time limitations for *ex parte* orders and a special provision for the excluded person to move for dissolution or modification of the exclusion order. The special provisions are not found in Subsection A. Further, only orders entered pursuant to Subsection B are certified by the Clerk to the local police department or sheriff's office.

A decision as to exclusive use of the family residence while the suit is pending under Subsection A lies within the discretion of the Court. Subsection A provides, in pertinent part, that in "suits for divorce ... the court ... may, at any time pending a suit ... in the discretion of such court, make any order that may be proper ... (vi) for the exclusive use and possession of the family residence during the pendency of the suit...." (Emphasis added.) There is no provision in Subsection A that an exclusive use decision is conditioned upon a reasonable apprehension of physical harm. There is no language in Subsection B that imposes such a condition to an exclusive use decision under Subsection A.

Ms. Frazier is granted exclusive use and possession of the family residence during the pendency of this suit, as provided above, under Subsection A of the Va. Code § 20-103.

## Support

Ms. Frazier seeks an award of both *pendente lite* spousal and child support.

## Income of the Parties

Based upon Plaintiff's Exhibit 12 (Memorandum concerning Mr. Frazier's payroll information), Mr. Frazier has earned a base pay of $53,144.00 plus "overtime" of $812.28 for the first 13 out of 26 pay periods in 2002. He has made $53,956.28 for one half of 2002. Therefore, it is a fair inference that he will make twice that, or $107,912.56 for all of 2002, or $8,992.71 per month. Mr. Frazier is found to have a gross income rounded to $8,993.00 per month.

Ms. Frazier's income shall be based on the income and business expenses of her sole proprietorship, In House Communications Consulting, as shown on Plaintiff's Exhibit 13. From February 4, 2002, through June 13, 2002, Ms. Frazier had income of $89,706.00 with business expenses of $62,643.52, leaving a net income of $27,062.48 for the 18.5-week period. If Ms. Frazier made $27,062.48 in these 18.5 weeks, then she should reasonably be expected to continue to generate income at the same rate for the rest of 2002. Income of $27,062.48 for 18.5 weeks is $1,462.81 per week or $76,066.12 per year or

$6,338.84 per month. Ms. Frazier is found to have a gross income for support purposes rounded to $6,339.00 per month.

Mr. Frazier argues that Ms. Frazier's business debts listed on Plaintiff's Exhibit 16 are not valid business debts and they should be subtracted from her business expenses for February 4, 2002, through June 13, 2002, as listed on Plaintiff's Exhibit 13. The business debts listed on Plaintiff's Exhibit 16 total $131,782.00 with monthly payments totaling $5,508.10. Ms. Frazier previously operated her business as a corporation. However, it went out of business, but Ms. Frazier remains as a personal guarantor for these business expenses. As such, Mr. Frazier argues that these expenses should not be considered as business expenses of Ms. Frazier's current sole proprietorship. I do not agree.

The business expenses listed on Plaintiff's Exhibit 13 are expenses actually paid by Ms. Frazier in the operation of her business. The debts listed in Plaintiff's Exhibit 16 are her liabilities as a personal guarantor. As clearly explained by Ms. Frazier, the payment of those business expenses directly impacts on her ability to continue her present business. As such, they are a reasonable business expense for support purposes, and they will not be subtracted from Ms. Frazier's business expenses.

Mr. Frazier sold a condominium within the last month from which he received approximately $26,000.00 in net proceeds. This will not be considered as income to Mr. Frazier for support purposes because there is really no fair way to quantify net proceeds for *pendente lite* support purposes. And further, Mr. Frazier paid debts and has other debts to pay out of the net proceeds. One debt is over $6,000.00 in income taxes he must pay for 2001 due to Ms. Frazier's unilateral decision to file separately whereby she received a $7,900.00 refund. Mr. Frazier's income for support purposes will not be increased because of the sale of his condominium.

Neither party is underemployed.

### Spousal Support

Considering the appropriate factors and especially that Ms. Frazier makes approximately 70% of what Mr. Frazier makes, no spousal support is awarded.

## Child Support

There is $75.00 in extraordinary medical expenses per month for the children. Ms. Frazier incurs $200.00 per month in work-related childcare costs.

For the school year 2002-2003, Ms. Frazier enrolled both children in Flint Hill School at a total tuition cost of $24,000.00, payable at the rate of $2,400.00 per month for ten months. Neither party objects to the tuition payments' being included in the child support calculation. They disagree on how to include it in the calculation.

Ms. Frazier argues that the fall monthly payment of $2,400.00 should be included in deviating from the presumptive amount. Mr. Frazier argues that the total tuition cost of $24,000.00 should be spread out over the year, and include only $2,000.00 per month in the calculation.

Because the obligation of $2,400.00 per month is the actual obligation for the next ten months and that amount must be paid per month to keep the children in school, it is fairer to include the full $2,400.00 in the child support calculation.

Mr. Frazier's *pendente lite* child support obligation is $2,414.00 per month commencing June 10, 2002, when Ms. Frazier's *pendente lite* motion was filed, as shown on the attached Child Support Guideline Worksheet.

## Health Insurance

Mr. Frazier is ordered to maintain Ms. Frazier and the children on his health insurance policy.

## Life Insurance

Mr. Frazier is ordered to maintain all existing policies of life insurance on his life with the children as beneficiaries of such policies. He may name a trustee for the children as the beneficiary of any policy.

## Injunction

Each party is enjoined and restrained from harassing, molesting, or interfering with the other in person or by telephone, directly or indirectly.